UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Louis Bernabe,<br><br>                Plaintiff,<br><br>    -against-<br><br>Experian Information Solutions, Inc., and Select Portfolio Servicing, Inc.,<br><br>                Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Louis Bernabe, by and through his attorneys, and as for his Complaint against Defendants Experian Information Solutions, Inc. ("Experian" or "Bureau") and Select Portfolio Servicing, Inc., N.A. ("SPS"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., also known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Massachusetts, County of Essex.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

1

6. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Experian is an Ohio corporation registered to do business in this State, and may be served with process upon its registered agent at CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

8. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

9. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

10. SPS has an address for service at Corporation Service Company, 84 State Street, Boston, MA 02109.

11. SPS is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates the above allegations as if set forth here.

13. On information and belief, on date(s) better known to the Bureau, it issued credit reports concerning the Plaintiff that included an SPS tradeline.

14. The SPS account number begins 277 001643… ("Account" or "tradeline")

15. Experian's credit report shows in the Account history for April 2020, "FS".

16. FS refers to a foreclosure.

17. SPS reported the Account as being in foreclosure in April 2020.

18. Experian reported the Account as being in foreclosure in April 2020.

19. However, no foreclosure was commenced or was occurring in April 2020.

20. Plaintiff had paid off the Account completely in March 2020.

21. The information furnished by SPS and published by the Bureau is inaccurate.

22. The Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

23. Plaintiff notified the Bureau that he disputed the accuracy of the information it was reporting on or around February 10, 2021 ("Dispute").

24. Plaintiff stated in his Dispute that the FS marking for April 2020 was inaccurate as he had paid off the Account in March 2020.

25. SPS had previously sent Plaintiff a letter confirming the Account was paid in full in March 2020 ("Payoff Letter")

26. Plaintiff included a copy of the Payoff Letter with his Dispute.

27. The Bureau failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer report with respect to the disputed Account.

28. Had the Bureau done a reasonable investigation it would have been revealed to it that the Account is inaccurate.

29. This is particularly so because the furnisher of the tradeline information, SPS, had itself confirmed in the Payoff Letter that the Account was paid off prior to it being reported as in foreclosure.

30. The Bureau is required to notify SPS of Plaintiff's dispute.

31. It appears and is therefore averred that the Bureau notified SPS of Plaintiff's dispute.

32. Upon receipt of the dispute of the Account by the Plaintiff from the Bureau, SPS failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer report with respect to the disputed Account.

33. Had SPS done a reasonable investigation it would have been revealed to SPS that the accounts are inaccurate.

34. This is particularly so because SPS itself had confirmed in the Payoff Letter that the Account was paid off prior to it being reported as in foreclosure.

35. A reasonable investigation by Defendants would have revealed that the accounts are duplicates and are being incorrectly reported.

36. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Defendants did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

37. The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

38. Defendants' actions described herein violated 15 U.S.C. § 1681i.

39. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

40. SPS continues to furnish credit data which is inaccurate and materially misleading, and the Bureau's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

*Damages*

41. Defendants' erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, ability to qualify for credit, and credit score.

42. As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

43. Plaintiff suffered damage to his reputation as it falsely appears as if he was delinquent on an SPS account in April 2020 although he had actually paid it off in full.

44. This false information was published to numerous third-parties.

45. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

46. Plaintiff has, inter alia, suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, and a chilling effect on future applications for credit.

47. Due to Defendants' actions, Plaintiff was denied for a Bank of America credit card.

48. Due to Defendants' actions, Plaintiff was denied a home mortgage from Cambridge Savings Bank.

49. These denials caused Plaintiff to suffer tangible and intangible losses of lack of available credit for purchases and a home mortgage.

## FIRSTCAUSE OF ACTION
**(Willful Violation of the FCRA as to Experian)**

50. Plaintiff incorporates the allegations in paragraphs 1-49 above as if set forth here.

51. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

52. Experian violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

53. Experian violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute.

54. Experian further failed to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

55. Experian has willfully and recklessly failed to comply with the Act.

56. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   c) The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

   d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    f) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer; and

    g) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

57. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage as described above, inter alia, to his reputation and by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, and a chilling effect on future applications for credit.

58. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

59. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

    WHEREFORE, Plaintiff, an individual, demands judgment in his favor against Experian for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

### SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Experian)**

60. Plaintiff incorporates the allegations in paragraphs 1-59 above as if set forth here.

61. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

62. Experian violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

63. Experian violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute

64. Experian further failed to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

65. Experian has negligently failed to comply with the Act.

66. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   c) The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

   d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

  f) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer; and

  g) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

67. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage as described above, inter alia, to his reputation and by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, and a chilling effect on future applications for credit.

68. The conduct, action, and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

69. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

  WHEREFORE, Plaintiff, an individual, demands judgment in his favor against Experian for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to SPS)**

70. Plaintiff incorporates the allegations in paragraphs 1-69 above as if set forth here.

71. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

72. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

73. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

74. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

75. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

76. Defendant SPS violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

77. Defendant SPS continued to report these accounts on the Plaintiff's credit report after being notified of his dispute regarding the inaccuracies in relation to said accounts.

78. As a result of the conduct, action, and inaction of the SPS, Plaintiff suffered damage as described above, inter alia, to his reputation and by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, and a chilling effect on future applications for credit.

79. The conduct, action, and inaction of SPS was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

80. The Plaintiff is entitled to recover reasonable costs and attorney's fees from SPS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment in his favor against SPS for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to SPS)

81. Plaintiff incorporates the allegations in paragraphs 1-80 above as if set forth here.

82. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

83. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

84. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

85. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

86. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

87. As described above, SPS is liable to the Plaintiff for negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2 (b).

11

88. After receiving the Dispute Notice from the Bureau, SPS negligently failed to conduct its reinvestigation in good faith.

89. A reasonable investigation would require a furnisher such as SPS to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

90. The conduct, action and inaction of Defendant SPS was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

91. As a result of the conduct, action and inaction of the SPS, the Plaintiff suffered damage as described above, inter alia, by a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of credit, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, and a chilling effect on future applications for credit.

92. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the SPS.in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in the favor against SPS for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **DEMAND FOR TRIAL BY JURY**

93. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

g) For any such other and further relief as this Court may deem just and proper.

Dated:  October 20, 2021

**Skolnick Legal Group, P.C.**

*/s/ Scott Bernstein*
Scott Bernstein, Esq.
Skolnick Legal Group, P.C.
103 Eisenhower Pkwy, Suite 305
Roseland, New Jersey 07068
(203) 246-2887
scott@skolnicklegalgroup.com

*Attorneys for Plaintiff*